# NOT FOR PUBLICATION WITHOUT THE
## APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3564-18T1

FRANK HUBBARD,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

          Submitted May 14, 2020 – Decided May 29, 2020

          Before Judges Alvarez and DeAlmeida.

          On appeal from the New Jersey State Parole Board.

          Frank Hubbard, appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney for respondent (Sookie Bae, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Frank Hubbard appeals from the March 27, 2019 final agency decision of the New Jersey State Parole Board (Board) denying him parole and imposing a thirty-four-month future eligibility term (FET).  We affirm.

I.

The following facts are derived from the record.  Hubbard is serving a life sentence, with a mandatory minimum term of twenty-five years, for a 1981 murder and robbery.  Hubbard shot a man in the face and neck while robbing him with the assistance of four others.  He committed the 1981 crimes while he was on parole for several prior convictions, including a 1968 murder and a 1974 atrocious assault and battery, and several weapons offenses.

Hubbard has an extensive criminal record, including juvenile adjudications.  As an adult, Hubbard had two prior opportunities on probation and one prior opportunity on parole.  He also had two prior terms of incarceration.  While in prison, Hubbard was adjudicated guilty of twenty-one disciplinary infractions, including fifteen asterisk offenses, which are considered more serious.  His most recent infraction was committed on May 26, 2005.  That offense involved the use of a prohibited substance, such as a drug, intoxicant, or related paraphernalia not prescribed by the medical staff.

2

Hubbard become eligible for parole for the fourth time in 2018. After a hearing, a two-member Board panel denied parole and established a thirty-four-month FET. Hubbard appealed to the full Board.

On March 27, 2019, the Board affirmed the panel's decision after determining there was a substantial likelihood Hubbard would commit another crime if released on parole. The Board cited a number of factors identified in N.J.A.C. 10A:71-3.11(b) in support of its decision, including Hubbard's extensive criminal history, increasingly serious criminal offenses, prior failures on probation and parole, prison disciplinary history, drug use, prior incarcerations, insufficient problem solving, confidential reports, including mental health reports, lack of insight into his criminal behavior, and high risk of recidivism.

In mitigation, the Board found that Hubbard has been infraction free since his last appearance before a Board panel, has participated in programs specific to his problematic behavior, and received reports of his favorable institutional adjustment. The Board noted that "although it appears that you have made some progress, your criminal behavior is deeply rooted as evidenced by your very extensive criminal record." The Board also acknowledged Hubbard's "initial

effort at rehabilitation" but found it "does not equate to a change in your behavior."

This appeal followed. Hubbard raises the following arguments for our consideration:

> POINT I
>
> THE TWO[-]MEMBER PANEL ABUSED ITS DISCRETION IN DENYING PAROLE; RELIANCE ON EVENTS OCCURRING [FIFTY] AND [FORTY-FOUR] YEARS AGO AND SELECTIVE CONSIDERATION OF EVIDENCE WAS ARBITRARY AND CAPRICIOUS.
>
> POINT II
>
> PAROLE BOARD'S DENIAL OF PAROLE WAS NOT SUPPORTED BY THE EVIDENCE.
>
> POINT III
>
> THE BOARD FAILED TO TAKE INTO ACCOUNT THE ISSUE OF YOUTHFUL CULPABILITY.
>
> POINT IV
>
> INCONSISTENCY IN PAROLE BOARD'S DECISION[-]MAKING PROCESS DENIES APPELLANT APPROPRIATE DUE PROCESS AND A FAIR HEARING.
>
> POINT V
>
> BOARD VIOLATED APPELLANT'S DUE PROCESS RIGHTS AND DENIED HIM A FAIR HEARING.

4

POINT VI

THE FULL BOARD ABUSED [ITS] DISCRETION
BY CONTINUING TO FOCUS ON EVENTS
OCCURRING OVER FORTY YEARS AGO.

POINT VII

THE BOARD APPLIED THE INCORRECT
STANDARD FOR PAROLE FITNESS, AND AS
SUCH, APPELLANT'S DUE PROCESS RIGHTS
HAVE BEEN VIOLATED.

II.

We accord considerable deference to the Board, and our review of its decision is limited. Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div. 2004). We will overturn a Parole Board decision only if it is arbitrary and capricious. Perry v. N.J. State Parole Bd., 459 N.J. Super. 186, 193 (App. Div. 2019). An appellate court must not substitute its judgment for that of the agency, and an agency's decision is accorded a strong presumption of reasonableness. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). The burden of showing that an action was arbitrary, unreasonable, or capricious rests upon the appellant. Barone v. Dep't of Human Servs., 210 N.J. Super. 276, 285 (App. Div. 1986), aff'd, 107 N.J. 355 (1987).

A-3564-18T1

For offenses committed before August 18, 1997, "the Parole Board may deny parole release if it appears from a preponderance of the evidence that 'there is a substantial likelihood that the inmate will commit a crime under the laws of this State if released on parole at such time.'" Williams v. N.J. State Parole Bd., 336 N.J. Super. 1, 7 (App. Div. 2000) (quoting L. 1979, c. 441, § 9). When reaching a decision under this standard, the Board must consider the aggregate of all pertinent factors, including those set forth in N.J.A.C. 10A:71-3.11(b).

After carefully considering the record in light of the applicable legal principles, we affirm the Board's well-reasoned final agency decision, which is supported by sufficient credible evidence. R. 2:11-3(e)(1)(D). We add only the following brief comments.

Hubbard has an extensive criminal record involving serious offenses, including two murders. His latest murder was committed while he was on parole for a prior killing. Although he has not committed disciplinary infractions in prison since 2005 and has begun to accept responsibility for his criminal acts, the Board's denial of parole was well within its discretion. In addition, Hubbard was provided with all due process protections to which he was entitled, including consideration of his parole plan, and reports detailing his recent favorable adjustment in prison. We do not agree with his argument that the

A-3564-18T1

Board unduly focused on his crimes, given how long ago they happened. While those offenses took place several decades ago, the circumstances of Hubbard's offenses, including his apparently inability to control his criminal behavior, remain relevant to the Board's determination of whether he is substantially likely to commit a crime if released on parole.

We reach the same conclusion with respect to the Board's establishment of a thirty-four-month FET. An inmate serving a sentence for murder is ordinarily assigned a twenty-seven-month FET after a denial of parole. See N.J.A.C. 10A:71-3.21(a)(1). However, the standard FET "may be increased or decreased by up to nine months when, in the opinion of the Board panel, the severity of the crime for which the inmate was denied parole and the prior criminal record or other characteristics of the inmate warrant such adjustment." N.J.A.C. 10A:71-3.21(c). Here, the Board panel increased the standard FET by seven months based on the nature and circumstances of Hubbard's offenses and his insufficient problem solving. That decision is supported by the record. We note that the FET commenced on Hubbard's parole eligibility date, December 22, 2018, and will be reduced by commutation, work, and minimum custody credits because he falls under the pre-1997 standard for parole release. N.J.S.A. 30:4-123.53(a). The Board panel considered this when setting the FET.

To the extent we have not addressed other arguments raised by Hubbard, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3564-18T1